FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN -4 PM 4: 28

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | * | CIVIL ACTION |
| PRIDE OFFSHORE, INC. AS OWNER | * | |
| AND/OR OPERATOR OF THE M/V PRIDE | * | NUMBER: 00-215 |
| ALABAMA FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY AND | * | SECTION "C " |
| DECLARATORY JUDGMENT | * | |
| | * | MAGISTRATE (4) |

\* \* \* \* \*\* \* \* \* \* \* \* \* \* \*\* \* \*

JUDGE GINGER BERRIGAN
MAGISTRATE JUDGE KAREN ROBY WELLS

## MOTION TO COMPEL DISCOVERY RESPONSES

**NOW INTO COURT,** through undersigned counsel, comes Claimant, ROBERT D.

ALLEN, who, pursuant to the Federal Rues of Civil Procedure seeks an Order from this

Honorable Court compelling PRIDE OFFSHORE, INC. to supplement and amend their

Answers to Interrogatories, Responses to Requests for Production of Documents and

Responses to Request for Admissions propounded on behalf of Claimant.  Additionally,

Claimant has requested an award for attorneys fees and costs in this regard.

**WHEREFORE,** for the reasons set forth in the accompanying Memorandum, mover

respectfully requests that this Honorable Court grant his Motion to Compel Discovery

Responses from PRIDE OFFSHORE, INC. and requests that this Court award costs and



Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc.No._____

attorneys fees to Claimant in connection with this particular Motion, as well as for any and all other general, legal and equitable relief to which he may be entitled.

    All of which is hereby respectfully submitted;

HUGH P. LAMBERT (BAR #7033)
LINDA J. NELSON (BAR #9938)
LAMBERT & NELSON
A Professional Law Corporation
701 Magazine Street
New Orleans, LA 70130-1629
Telephone: (504) 581-1750
Attorneys for Claimant, Robert D. Allen

## CERTIFICATE OF SERVICE

    I, **LINDA J. NELSON,** counsel for Claimant, **ROBERT D. ALLEN,** do hereby certify that a copy of the above and foregoing Motion has been forwarded to all parties to these proceedings this _4_ day of _MM_, 2001 by depositing a copy of same in the U.S. Mail, postage pre-paid and properly addressed and via facsimile transmission.

LINDA J. NELSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | * | CIVIL ACTION |
| PRIDE OFFSHORE, INC. AS OWNER | * | |
| AND/OR OPERATOR OF THE M/V PRIDE | * | NUMBER: 00-215 |
| ALABAMA FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY AND | * | SECTION "C " |
| DECLARATORY JUDGMENT | * | |
| | * | MAGISTRATE (4) |

\* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \* \*\* \* \*

JUDGE GINGER BERRIGAN
MAGISTRATE JUDGE KAREN ROBY WELLS

### MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
### DISCOVERY RESPONSES

MAY IT PLEASE THE COURT:

On or about the 6TH day of September 2000, Claimant, **ROBERT D. ALLEN,** served

upon **PRIDE OFFSHORE, INC.,** through its attorney of record, First Set of Interrogatories,

Request for Production of Documents and Request for Admissions propounded to **PRIDE**

**OFFSHORE, INC**. (EXHIBIT "A").

On October 23, 2000, a discovery conference was held at which time Counsel for

Pride Offshore, Inc. agreed to produce these discovery responses by Friday, October 27,

2000.

On October 31, 2000, Claimant, Robert D. Allen, filed a Motion to Compel Discovery

Responses with this Honorable Court.

On November 7, 2000 Pride Offshore filed an Opposition to Motion To Compel and

responded to Claimant's discovery requests, however, the discovery responses were inadequate and incomplete.

On November 14, 2000, Claimant filed a Motion to Continue Hearing on Motion to Compel as counsel had not yet had an opportunity to hold a telephone discovery conference to discuss the deficiencies in Pride Offshore's responses to Claimant's discovery requests.

On November 27, 2000, a discovery conference was held and Counsel for Pride Offshore agreed to reevaluate their position and to amend their responses to certain of Claimant's requests.  Claimant provided Counsel for Pride with a detailed outline concerning their incomplete responses to Claimant's discovery requests. (EXHIBIT "B").

On November 28, 2000, Claimant filed a Motion to Continue Hearing on Motion to Compel to allow Counsel for Pride time to amend its responses to Claimant's discovery requests.  Nevertheless, to date, Claimant has not received these discovery responses.

In accordance with the applicable provisions of the Federal Rules of Civil Procedure, Claimant requests that this Honorable Court issue an order compelling Pride Offshore, Inc. to respond to Interrogatories, Requests for Production of Documents and Request for Admissions, and award Claimant reasonable attorney's fees and costs in this regard which Claimant contends to be approximately Two Thousand Five Hundred and No/100 ($2,500.00) Dollars in time and expenses.

All of which is respectfully submitted.

HUGH P. LAMBERT (BAR #7033)
LINDA J. NELSON (BAR #9938)
LAMBERT & NELSON
A Professional Law Corporation
701 Magazine Street
New Orleans, LA  70130-1629
Telephone:  (504) 581-1750
Counsel for Claimant, Robert D. Allen

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | * | CIVIL ACTION |
| PRIDE OFFSHORE, INC. AS OWNER | * | |
| AND/OR OPERATOR OF THE M/V PRIDE | * | NUMBER: 00-215 |
| ALABAMA FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY AND | * | SECTION "C" |
| DECLARATORY JUDGMENT | * | |
| | * | MAGISTRATE (4) |

\* \* \* \* \*\* \* \* \* \* \* \* \* \* \* \*\* \* \*

JUDGE GINGER BERRIGAN
MAGISTRATE JUDGE KAREN ROBY WELLS

## O R D E R

CONSIDERING THE ABOVE AND FOREGOING;

IT IS ORDERED that the Claimant's Motion to Compel Discovery Responses from

PRIDE OFFSHORE, INC. be set for hearing on the _01/ 24_ day of 2001 at _11.01_ o'clock a.m.

New Orleans, Louisiana this ____ day of _____ 2001.

_____
MAGISTRATE JUDGE KAREN WELLS ROBY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | * | CIVIL ACTION |
| PRIDE OFFSHORE, INC. AS OWNER | * | |
| AND/OR OPERATOR OF THE M/V PRIDE | * | NUMBER: 00-215 |
| ALABAMA FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY AND | * | SECTION "C" |
| DECLARATORY JUDGMENT | * | |
| | * | MAGISTRATE (4) |

* * * * ** * * * * * * * * * * * *

JUDGE GINGER BERRIGAN
MAGISTRATE JUDGE KAREN WELLS ROBY

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37.1

Pursuant to Local Rule 37.1, counsel for mover conferred with counsel for Pride

Offshore, Inc. on November 27, 2000 via telephone discovery conference, on December

6, 2000 via correspondence and on January 3, 2001 at the offices of Counsel for Pride

Offshore regarding Pride Offshore, Inc.'s incomplete and/or inadequate discovery

responses, and the parties have been unable to resolve the differences regarding this

matter.

_____
LINDA J. NELSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | * | CIVIL ACTION |
| PRIDE OFFSHORE, INC. AS OWNER | * | |
| AND/OR OPERATOR OF THE M/V PRIDE | * | NUMBER: 00-215 |
| ALABAMA FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY AND | * | SECTION "C" |
| DECLARATORY JUDGMENT | * | |
| | * | MAGISTRATE (4) |

* * * * ** * * * * * * * * * * * * *

JUDGE GINGER BERRIGAN
MAGISTRATE JUDGE KAREN WELLS ROBY

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Claimant, ROBERT D. ALLEN, will bring on for hearing his Motion to Compel Discovery Responses from PRIDE OFFSHORE, INC. on the 24 day of Jan 2001 at 11 o'clock a.m., before the Honorable Magistrate Judge Karen Wells Roby of the United States District Court for the Eastern District of Louisiana.

New Orleans, Louisiana this _____ day of _____, 2001.

_____

MAGISTRATE JUDGE KAREN WELLS ROBY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF THE COMPLAINT OF** | **CIVIL ACTION** |
| **PRIDE OFFSHORE, INC. AS OWNER** | |
| **AND/OR OPERATOR OF THE M/V PRIDE** | **NUMBER: 00-0215** |
| **ALABAMA FOR EXONERATION FROM OR** | |
| **LIMITATION OF LIABILITY AND** | **SECTION "C "** |
| **DECLARATORY JUDGMENT** | |
| | **MAGISTRATE (4)** |

* * * * ** * * * * * * * * * * * *    **JUDGE GINGER BERRIGAN**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:    Robert S. Reich, Esq.
       3850 North Causeway Blvd.
       Suite 1830
       Metairie, Louisiana 70002
       Attorney for Pride Offshore, Inc.

Interrogatories on behalf of Plaintiff propounded to Defendants pursuant to the

Federal Rules of Civil Procedure to be answered separately, fully and in writing, under oath

and signed by the Defendants individually or by an officer qualified to testify on their behalf,

within the time delays as required by law.

These Interrogatories are to be considered continuing and, if there are any changes

in the answers, the answers are to be amended accordingly without further action by

Plaintiff in order that the full and complete facts surrounding this incident are revealed.



EXHIBIT
A

**INTERROGATORY NO. 1:**

Please state the name, address, telephone number, employer and job classification of all personnel who were on board the Pride Offshore, Inc. rig PRIDE ALABAMA at the time of this incident.

**INTERROGATORY NO. 2:**

Please state the number or name, location, owner and operator of the vessel, PRIDE ALABAMA, and the platform involved herein.

**INTERROGATORY NO. 3:**

Please state the number or name, location, owner and operator of the platform involved herein.

**INTERROGATORY NO. 4:**

If Plaintiff was employed by Defendant at the time of his injury, please state the name and address of his employer, Plaintiff's job title, dates of Plaintiff's employment with Defendant, Plaintiff's hourly wage rate (straight time and overtime) and a brief description of his duties and responsibilities.

**INTERROGATORY NO. 5:**

If Plaintiff was supplied with food and lodging without charge to him at the time of his injury, please state your calculated or estimated daily cost of these meals and lodging and the method or basis by which your calculations or estimation were achieved.

**INTERROGATORY NO. 6:**

Please state whether or not you supplied Plaintiff with any wearing apparel or supplies in connection with his employment, transportation or transportation reimbursement, hospitalization insurance, medical benefits, life or disability insurance plan(s) for himself and/or his family, retirement plan, pension plan, bonuses, vacation pay, sick pay, profit sharing plan, or any other benefits or things of value.

**INTERROGATORY NO. 7:**

If your answer to the preceding interrogatory is yes in any regard, please provide a detailed description of each such form of remuneration, the amount per month or per annum that you paid for this benefit and the name and address of the person who has present possession of a descriptive copy of said plan or benefit.

**INTERROGATORY NO. 8:**

Since Plaintiff's injury, have other employees with the same job title as Plaintiff received any wage increases or additional benefits; if so, please state the increased rates from the date of Plaintiff's injury to present, the period of time during which each such increase was effective and whether further increases are presently planned or contemplated.

**INTERROGATORY NO. 9:**

Please state the full name, address and telephone number of each person whom you may call as a witness at time of trial.

**INTERROGATORY NO. 10:**

Please state the knowledge of each witness regarding this incident and the subject matter and facts to which you expect each witness to testify.

**INTERROGATORY NO. 11:**

Please identify by name, address, telephone number and field of expertise each person whom you expect to call as an expert witness at trial.

**INTERROGATORY NO. 12:**

Please state the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion pursuant to Rule 26 of the Federal Rules of Civil Procedure. If you will do so voluntarily, please attach a copy of each expert's report.

**INTERROGATORY NO. 13:**

Please state when this incident involving Plaintiff first came to the attention of Defendant or any employee or representative of Defendant, by whom it was reported, to whom, as well as the means used, whether oral and/or in writing. Please attach a copy of any reports of injury prepared concerning Plaintiff's injury.

**INTERROGATORY NO. 14:**

Please state in complete detail your contention or understanding of how this incident occurred, including the cause or causes thereof, and the witnesses, documents or other evidence upon which you rely and base such contention or understanding. If you will do so voluntarily, please attach a copy of any documents on which you rely for your response.

**INTERROGATORY NO. 15:**

If you contend that the Plaintiff in any way caused or contributed to this incident, please state in complete detail each and every act or omission on the part of the Plaintiff which caused or contributed to the incident, including the witnesses, documents, or other evidence upon which you rely and base such contention or understanding. If you will do so voluntarily, please attach copies of any documents on which you rely for your response.

**INTERROGATORY NO. 16:**

If you contend that Plaintiff has sustained previous injuries or illnesses similar to or in any way related to his injuries or illnesses in the instant case, please state the type of such injury or illness, the date and place sustained, by whom Plaintiff was employed at the time and whether you possess any medical reports or records pertaining to such alleged previous injury or illness. If you will do so voluntarily, please attach copies of any such medical reports or records.

**INTERROGATORY NO. 17:**

Please give a full, complete and detailed description of the Pride Drilling, Inc. rig and/or the platform involved in this incident and state whether or not you possess any photographs, diagrams or blueprints of said vessel. Please attach copies of any such photographs, diagrams or blueprints.

**INTERROGATORY NO. 18:**

If Plaintiff underwent a pre-employment physical examination prior to being hired by Defendant(s), please state the date of said examination, where and by whom it was performed, the results of said examination and whether or not you possess a copy of the report or results thereof.  Please attach a copy of Plaintiff's pre-employment physical.

**INTERROGATORY NO. 19:**

If the Pride Offshore, Inc. vessel PRIDE ALABAMA involved herein was under any type of charter, rental or operating agreement or contract at the time of this incident, please state the name and address of the charterer, renter, lessee and/or operator of the vessel and whether or not such agreement was in writing.  If you will do so voluntarily, please attach a copy of any such agreements.

**INTERROGATORY NO. 20:**

For each policy of insurance, including excess insurance, that Defendant had in effect on the date of Plaintiff's injury, please state the name and address of the insurance company, name and address of agent for service of process, policy number, type of coverage, limits of liability for each coverage, nature of any exclusions and the agent and/or agency who services this policy. If you will do so voluntarily, please attach a copy of any such insurance policies.

**INTERROGATORY NO. 21:**

If you possess or have knowledge of any statements and/or reports taken from Plaintiff concerning this incident referred to in the Complaint, please state whether such

statement(s) were oral or written, when, where and by whom taken and the custodian of said statement(s). If you will do so voluntarily, please attach copies of any such statements.

**INTERROGATORY NO. 22:**

If the Defendant(s) or anyone acting on their behalf, have obtained from any source, person(s) and/or entity any statements and/or reports concerning in any respect the facts, manner, place, time or cause of this incident or concerning Plaintiff's injuries, please state the name, address and telephone number of said person(s), the date taken and by whom, whether it is oral or written, and the custodian of said statement(s). If you will do so voluntarily, please attach a copy of any such statements.

**INTERROGATORY NO. 23:**

Please describe in detail the job ongoing at the time of Plaintiff's injury and include in this description the exact dimension, height and weight of the equipment involved herein.

**INTERROGATORY NO. 24:**

Please describe in detail the job ongoing at the time of Plaintiff's injury and include in this description the exact dimension, height and weight of the rig involved herein.

**INTERROGATORY NO. 25:**

Please state the name, address, employer and job title of the supervisor on duty at the time of Plaintiff's injury who was most directly involved in and/or responsible for supervision of the individuals involved in the job ongoing at the time of Plaintiff's injury.

All of which is respectfully submitted,

_____
HUGH P. LAMBERT (Bar #7933)
LINDA J. NELSON (Bar #9938)
**LAMBERT & NELSON, P.L.C.**
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Counsel for Plaintiff, Robert Demond Allen

## <u>CERTIFICATE OF SERVICE</u>

Undersigned counsel certifies that a copy of the above and foregoing has been

mailed to counsel for all parties to these proceedings by placing a copy of same in the

United States mail, properly addressed and first class postage prepaid this _6_ day of

August 2000.

_____
LINDA J. NELSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | * | CIVIL ACTION |
| PRIDE OFFSHORE, INC. AS OWNER | * | |
| AND/OR OPERATOR OF THE M/V PRIDE | * | NUMBER: 00-0215 |
| ALABAMA FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY AND | * | SECTION "C" |
| DECLARATORY JUDGMENT | * | |
| | * | |
| | * | MAGISTRATE (4) |
| | * | |
| | * | JUDGE GINGER BERRIGAN |

* * * * ** * * * * * * * * * ** * *

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   Robert S. Reich, Esq.
      3850 North Causeway Blvd.
      Suite 1830
      Metairie, Louisiana 70002
      Attorney for Pride Offshore, Inc.

Plaintiff, Robert Demond Allen, through undersigned counsel, requests the

production of the following documents for copying and inspection pursuant to the Federal

Rules of Civil Procedure at the office of counsel for Plaintiff, Lambert & Nelson, P.L.C., 701

Magazine Street, New Orleans, Louisiana within the time delays as required by law.

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents which bear the signature of Plaintiff, including but not limited to medical reports, pay sheets, statements, accident reports.

**REQUEST FOR PRODUCTION NO. 2:**

Employer's first report of injury, both rough and smooth copies.

**REQUEST FOR PRODUCTION NO. 3:**

The original logs and/or diaries and/or journals and/or work reports and/or drilling reports and/or IADC reports and/or maintenance records for the Pride Offshore Drilling, Inc.'s Rig PRIDE ALABAMA and/or the platform involved herein for two weeks prior to the date of this incident, the date of this incident, and two weeks subsequent to this incident.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all medical reports concerning to Plaintiff, Robert Demond Allen, including but not limited to the physical  examination of Plaintiff prior to employment, sometimes known as the pre-employment physical.

**REQUEST FOR PRODUCTION NO. 5:**

Job descriptions of Plaintiff, Robert Demond Allen, for the time frame of this incident.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all safety rules and/or regulations and/or OSHA regulations and/or company procedures and/or Coast Guard regulations and/or regulations of any kind

2

relating to the activity of the Plaintiff on or about the time of his injury.

**REQUEST FOR PRODUCTION NO. 7:**

Any blueprints and/or sketches and/or diagrams and/or pictures of any kind of the Pride Offshore Drilling, Inc.'s Rig PRIDE ALABAMA and/or platform involved herein and its appurtenances.

**REQUEST FOR PRODUCTION NO. 8:**

A certified copy of any and all policies of insurance in full force and effect at the time of the incident made the subject of this suit which cover Defendants in this lawsuit.

**REQUEST FOR PRODUCTION NO. 9:**

Coast Guard certification and/or Mineral Management Services certification and/or certification of any kind of the rig and/or platform involved herein.

**REQUEST FOR PRODUCTION NO. 10:**

Reports of investigation made by you or on your behalf regarding the incident herein involved.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all personnel and/or medical records concerning Robert Demond Allen.

**REQUEST FOR PRODUCTION NO. 12:**

Payroll records of Plaintiff, including but not limited to W-2 forms, earnings records, and pay records.

3

**REQUEST FOR PRODUCTION NO. 13:**

Any statements obtained by you or your agents, employees, your insurers, or anyone on your behalf regarding this incident.

**REQUEST FOR PRODUCTION NO. 14:**

A summary of the grounds for each opinion of any expert whom you expect to call as an expert witness pursuant to the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 15:**

Any agreement and/or contract of employment between Pride Offshore Drilling, Inc., and any other party or entity involved in this incident including but not limited to Shell.

**REQUEST FOR PRODUCTION NO. 16:.**

Reports and/or communications and/or correspondence and/or documents of any kind to insurance companies by Defendants and/or their agents or employees regarding the incident made the subject of this lawsuit.

**REQUEST FOR PRODUCTION NO. 17:**

Reports and/or communications received by Defendants from any insurance companies involved herein.

**REQUEST FOR PRODUCTION NO. 18:**

The maintenance schedule for repairing any part of the Pride Offshore Drilling, Inc. rig PRIDE ALABAMA and the platform involved herein for one month prior to this incident and one month subsequent to this incident.

4

**REQUEST FOR PRODUCTION NO. 19:**

Copies of any and all fringe benefit programs, retirement, profit sharing programs, hospitalization insurance, life insurance, disability insurance and/or any other plans or benefits in effect at the time of this incident.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents which you intend to use and/or rely on at time of trial in this matter.

**REQUEST FOR PRODUCTION NO. 21:**

Copies of any and all expert reports for each expert you have consulted and/or intend to call at time of trial in this matter.

**REQUEST FOR PRODUCTION NO. 22:**

Copies of the crew list for the Pride Offshore Drilling, Inc. rig PRIDE ALABAMA involved herein for two weeks prior to the date of this incident, the date of this incident and two weeks subsequent to Plaintiff's injury.

**REQUEST FOR PRODUCTION NO. 23:**

Copies of any and all photographs and/or videotapes and/or surveillance of any kind of Plaintiff.

**REQUEST FOR PRODUCTION NO. 24:**

The Pride Offshore Drilling, Inc. Rig PRIDE ALABAMA, the platform involved, along with any equipment involved herein for inspection by counsel for Plaintiff on Monday, October 23, 2000 at a time convenient to all parties.

All of which is respectfully submitted,

_____

HUGH P. LAMBERT (Bar #7933)
LINDA J. NELSON (Bar #9938)
**LAMBERT & NELSON, P.L.C.**
701 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-1750
Counsel for Plaintiff, Robert Demond Allen

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of the above and foregoing has been

mailed to counsel for all parties to these proceedings by placing a copy of same in the

United States mail, properly addressed and first class postage prepaid this _6_ day of

September 2000.

_____

LINDA J. NELSON

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | * | CIVIL ACTION |
| PRIDE OFFSHORE, INC. AS OWNER | * | |
| AND/OR OPERATOR OF THE M/V PRIDE | * | NUMBER: 00-215 |
| ALABAMA FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY AND | * | SECTION "C" |
| DECLARATORY JUDGMENT | * | |
| | * | MAGISTRATE ( ) |
| VERSUS | * | |
| | * | |
| PRIDE OFFSHORE, INC., ET AL | * | |
| | * | JUDGE GINGER BERRIGAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR ADMISSIONS

TO:    Robert S. Reich, Esq.
       3850 North Causeway Blvd.
       Suite 1830
       Metairie, Louisiana 70002
       Attorney for Pride Offshore, Inc.

Request for Admissions on behalf of Plaintiff, Robert Demond Allen, propounded to

Defendant, Pride Offshore Drilling, Inc., pursuant to Rule 36 of the Federal Rules of Civil

Procedure,  the correctness of the herein stated facts to be either admitted or denied,

under oath, by each Defendant individually or by an officer qualified to testify on its behalf,

within the appropriate time delays.

**REQUEST FOR ADMISSION NO. 1:**

Defendant, Pride Offshore Drilling, Inc., has been properly named in Plaintiff's Answer and Claim.

**REQUEST FOR ADMISSION NO. 2:**

On or about the date in question, Defendant, its master, officers, agents, or employees received notice that Plaintiff claimed to have sustained an injury while working.

**REQUEST FOR ADMISSION NO. 3:**

On or about the date in question, a written report was filled out regarding the injury sustained by Plaintiff, Robert Demond Allen.

**REQUEST FOR ADMISSION NO. 4:**

Defendant possesses an accident report relating to the incident made the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 5:**

Defendant possesses a statement, either signed or unsigned, by the Plaintiff relating to the incident made the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 6:**

Defendant possesses a statement from a witness or witnesses to the incident made the basis of this lawsuit, either signed or unsigned.

**REQUEST FOR ADMISSION NO. 7:**

Defendant, Defendant's attorney, Defendant's agents, servants and/or employees have in their possession photographs of the area where the incident occurred.

**REQUEST FOR ADMISSION NO. 8:**

Defendant, its agents, servants, and/or employees were negligent.

**REQUEST FOR ADMISSION NO. 9:**

Defendant's negligence was a cause of the incident made the basis of this lawsuit and of Plaintiff's injuries.

**REQUEST FOR ADMISSION NO. 10:**

Plaintiff was not contributorily negligent in this incident.

**REQUEST FOR ADMISSION NO. 11:**

Nothing Plaintiff did or failed to do caused the incident made the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 12:**

In the course and scope of his employment, at the time of the incident made the basis of this lawsuit, Plaintiff was required to work under unseaworthy conditions and this caused injury to Plaintiff.

**REQUEST FOR ADMISSION NO. 13:**

Defendant, Pride Offshore Drilling, Inc., was the owner of the rig PRIDE ALABAMA involved herein.

**REQUEST FOR ADMISSION NO. 14:**

Shell Oil Company was the owner of the platform involved herein.

**REQUEST FOR ADMISSION NO. 15:**

The vessel, PRIDE ALABAMA, was unseaworthy on or about December 23, 1999.

**REQUEST FOR ADMISSION NO. 16:**

Defendant, Pride Offshore Drilling, Inc., was the employer of Robert Demond Allen at the time of the incident herein.

All of which is respectfully submitted,

_____
HUGH P. LAMBERT (Bar #7933)
LINDA J. NELSON (Bar #9938)
**LAMBERT & NELSON, P.L.C.**
701 Magazine Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-1750
Counsel for Plaintiff, Anthony White

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that a copy of the above and foregoing has been mailed to counsel for all parties to these proceedings by placing a copy of same in the United States mail, properly addressed and first class postage prepaid this _____ day of August 2000.

_____
LINDA J. NELSON

LAMBERT & NELSON
A PROFESSIONAL LAW CORPORATION
701 MAGAZINE STREET
NEW ORLEANS, LA. 70130-3629

HUGH P. LAMBERT
LINDA J. NELSON

(504) 581-1750
FAX (504) 529-2931

December 6, 2000

***Via U.S. Mail and Fax 830-3950***
Robert S. Reich, Esq.
Lawrence R. Plunkett, Jr., Esq.
Reich, Meeks & Treadaway
3850 North Causeway Blvd.
Suite 1830
Metairie, Louisiana 70002

      Re:   In the Matter of the Complaint of Pride
           Offshore, Inc. as Owner and/or Operator
           of the M/V Pride Alabama for Exoneration
           from or Limitation of Liability and Declaratory
           Judgment, No. 00-0215, Section "C" (4)

Dear Counselors:

      In connection with the discovery conference held on November 27, 2000 in the above referenced matter, following is an outline of Pride's responses to discovery which we believe to be inadequate:

Interrogatory Response

1           Incomplete, fails to provide addresses and telephone numbers of personnel on board the rig at the time of the incident.

4           Incomplete, fails to provide the dates of Claimant's employment with Pride and a description of his duties and responsibilities.

5, 6, 7, 8      Objected to as irrelevant - Information regarding the cost of meals, lodging, and benefits and other employees wage increases is relevant in order to calculate Claimant's economic damages.

9,10,11,12      Objected to as premature - Please identify any lay or expert witnesses who are known to you presently in order to promote orderly discovery.



EXHIBIT
B

Robert S. Reich, Esq.
Lawrence R. Plunkett, Jr., Esq
December 6, 2000
Page 2

14, 15, 16    Objected to as privileged - Claimant contends that he is entitled to information relevant to Pride's defense.

17            Objected to as overly broad, etc. - Claimant contends that he is entitled to a description of the rig involved herein and requests that Pride conduct a reasonable search for any photographs, diagrams or blueprints of the vessel that may be in its possession.

19, 20        Objected to as irrelevant - Claimant contends that the specified information concerning any charter, rental, operating or insurance agreements is relevant as it may identify other responsible parties.

23, 24        Objected to as overly broad, etc. - Claimant is entitled to information as to what Pride contends the Claimant was doing at the time of the incident as well as a description of the equipment and rig involved herein.

25            Incomplete - fails to provide address, employer and specific job title of supervisor on duty at the time of Claimant's injury.


Response to Request For
Production of Documents

1             Objected to as overly broad, etc. - Claimant contends that he is entitled to copies of any documents in Pride's possession which bear Claimant's signature and requests that Pride conduct a reasonable search in order to determine that there are no documents, other than those provided in response to Request for Production No. 11, which are responsive to Request for Production No. 1.

3             Objected to as overly broad, etc. - Claimant is entitled to the documents requested, including logs, drilling reports and maintenance records, and contends that they are readily available on board the rig. Claimant requests, therefore, that Pride copy and provide these documents for the dates specified.

Robert S. Reich, Esq.
Lawrence R. Plunkett, Jr., Esq.
December 6, 2000
Page 3

5 & 12    Pride responded that documents regarding Claimant's job description and payroll records had been requested and would be provided to Claimant's counsel upon receipt. Discovery was propounded over 2 ½ months ago thus these documents should now be available.

6    Objected to as overly broad, etc. - Claimant contends that he is entitled to copies of pertinent safety rules and regulations and company procedures in order to determine what constitutes proper behavior and conditions under the circumstances involved herein.

7    Objected to as overly broad, etc. - Claimant contends that he is entitled to the requested documents, including blueprints and diagrams of the rig Pride Alabama, and requests that Pride conduct a reasonable search and provide Claimant with any such documents in its possession.

8    Objected to as irrelevant - Claimant contends that the requested insurance documents are relevant as they may identify other responsible parties.

9    Objected to as overly broad, etc. - Claimant contends that he is entitled to copies of any documents relating to the certification of the rig involved herein which Pride may have in its possession.

13    Objected to as privileged - Counsel for Claimant is in the process of scheduling the depositions of those individuals identified by Pride in response to Interrogatory No. 22. Claimant contends, however, that he would be entitled to copies of the statements obtained by Pride and/or its counsel from these individuals if Claimant is not able to gather this information without undue hardship.

14 & 21    Objected to as premature - This matter has been pending since January 24, 2000. In the interest of orderly discovery, Pride should provide Claimant with any expert opinions or reports which Pride and/or its counsel presently have in their possession.

15    Objected to as irrelevant - Claimant contends that all agreements and/or contracts between Pride and any other party or entity involved herein concerning the job ongoing at the time of Claimant's injury are relevant as they may outline the responsibilities of the various entities.

Robert S. Reich, Esq.
Lawrence R. Plunkett, Jr., Esq.
December 6, 2000
Page 4

18          Objected to as overly broad, etc. - Claimant contends that the maintenance
            records and/or schedule for the rig involved herein are readily available and
            requests that Pride copy those records for the specific dates requested.

19          Objected to as overly broad, etc. - Claimant is entitled to copies of the benefit
            plans and programs and other documents requested in order to determine
            Claimant's economic damages.

20 & 21     Objected to as premature - In the interest of orderly discovery, Claimant
            requests that Pride provide him with copies of any expert reports as well as
            any other documents which may be used at trial which Pride and/or its
            counsel currently have in their possession.

22          Incomplete - Pride's response only provides the crew list for the date of the
            incident and fails to provide lists for the entire time period requested.


       We would appreciate your supplemental responses to Plaintiff's discovery requests
prior to the mediation which we have scheduled for December 19, 2000.

       Thank you for your prompt attention to this matter.

                              Very truly yours,



                              LINDA J. NELSON

LJN/sbb

Enclosure