FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN 26 AM 9: 28

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF<br>PRIDE OFFSHORE, INC. AS OWNER<br>AND/OR OPERATOR OF THE M/V PRIDE<br>ALABAMA FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY AND<br>DECLARATORY JUDGMENT | CIVIL ACTION<br><br>NUMBER: 00-215<br><br>SECTION "C"<br><br>MAGISTRATE (4) |

JUDGE GINGER BERRIGAN
MAGISTRATE JUDGE KAREN ROBY WELLS

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
### MOTION TO COMPEL DISCOVERY RESPONSES

**MAY IT PLEASE THE COURT:**

This matter is currently before this Honorable Court on a Motion to Compel Discovery Responses filed by Claimant, Robert D. Allen, on January 4, 2001, which Motion is set for hearing on January 24, 2001.

On January 16, 2001, Pride Offshore, Inc. filed an Opposition to Motion to Compel which counsel for claimant did not receive until January 18, 2001. In its Opposition, Pride

alleges that Claimant failed to specify the discovery requests that are the subject of the instant motion and to identify the basis upon which Pride's previous responses are insufficient. Claimant respectfully submits that, on December 6, 2000, following a telephone conference, Claimant provided counsel for Pride, per their request, with a detailed outline concerning Pride's incomplete discovery responses. This outline was attached as an exhibit to Claimant's Memorandum in Support of his Motion and is again attached hereto as Exhibit "B".

Further, Pride states that it has twice supplemented its responses to discovery. Counsel for Claimant, however, did not receive either of Pride's Supplemental Responses until January 18, 2001.

While Pride Offshore, Inc. has supplemented its responses to Claimant's discovery requests since the filing of this Motion, the discovery responses are still incomplete. After much effort on the part of Claimant to obtain this information, Pride has now satisfied the following outstanding discovery requests:

    Request for Production of Document No.  5
    Request for Production of Document No.  9
    Request for Production of Document No. 19

Pride partially complied with Request for Production of Document No. 3 in that Pride supplied Claimant with rig reports for December 15, 1999 through December 31, 1999; however, the request required Pride to provide these reports **for two weeks prior** to and **two weeks subsequent** to the incident.

2

Therefore, Pride has not fully complied with Request for Production of Document No. 3.

Claimant attaches hereto Claimant's letter to Pride dated December 6, 2000 wherein Claimant details for Claimant each and every outstanding request. But for Request for Production No. 5, 9 and 19, all of the remaining Request for Production of Documents and Interrogatories itemized in this December 6, 2000 letter have still not been responded to by Pride.

In accordance with the applicable provisions of the Federal Rules of Civil Procedure, Claimant requests that this Honorable Court issue an order compelling Pride Offshore, Inc. to respond to Interrogatories, Requests for Production of Documents and Request for Admissions, and award Claimant reasonable attorney's fees and costs in this regard which Claimant contends to be approximately Two Thousand Five Hundred and No/100 ($2,500.00) Dollars in time and expenses.

All of which is hereby respectfully submitted;

HUGH P. LAMBERT (BAR #7033)
LINDA J. NELSON (BAR #9938)
LAMBERT & NELSON
A Professional Law Corporation
701 Magazine Street
New Orleans, LA 70130-1629
Telephone: (504) 581-1750
Attorneys for Claimant, Robert D. Allen

## CERTIFICATE OF SERVICE

I, **LINDA J. NELSON,** counsel for Claimant, **ROBERT D. ALLEN,** do hereby certify that a copy of the above and foregoing Motion has been forwarded to all parties to these proceedings this 22 day of Jan, 2001 by depositing a copy of same in the U.S. Mail, postage pre-paid and properly addressed and via facsimile transmission.

_____
**LINDA J. NELSON**

4

**LAMBERT & NELSON**
A PROFESSIONAL LAW CORPORATION
701 MAGAZINE STREET
NEW ORLEANS, LA 70130-3629

HUGH P LAMBERT
LINDA J NELSON

(504) 581-1750
FAX (504) 529-2931

December 6, 2000

**Via U.S. Mail and Fax 830-3950**
Robert S. Reich, Esq.
Lawrence R. Plunkett, Jr., Esq.
Reich, Meeks & Treadaway
3850 North Causeway Blvd.
Suite 1830
Metairie, Louisiana 70002

Re:   In the Matter of the Complaint of Pride
      Offshore, Inc. as Owner and/or Operator
      of the M/V Pride Alabama for Exoneration
      from or Limitation of Liability and Declaratory
      Judgment, No. 00-0215, Section "C" (4)

Dear Counselors:

In connection with the discovery conference held on November 27, 2000 in the above referenced matter, following is an outline of Pride's responses to discovery which we believe to be inadequate:

Interrogatory Response

1             Incomplete, fails to provide addresses and telephone numbers of personnel on board the rig at the time of the incident.

4             Incomplete, fails to provide the dates of Claimant's employment with Pride and a description of his duties and responsibilities.

5, 6, 7, 8    Objected to as irrelevant - Information regarding the cost of meals, lodging, and benefits and other employees wage increases is relevant in order to calculate Claimant's economic damages.

9,10,11,12    Objected to as premature - Please identify any lay or expert witnesses who are known to you presently in order to promote orderly discovery.


EXHIBIT "B"

Robert S. Reich, Esq.
Lawrence R. Plunkett, Jr., Esq
December 6, 2000
Page 2


| | |
|---|---|
| 14, 15, 16 | Objected to as privileged - Claimant contends that he is entitled to information relevant to Pride's defense. |
| 17 | Objected to as overly broad, etc. - Claimant contends that he is entitled to a description of the rig involved herein and requests that Pride conduct a reasonable search for any photographs, diagrams or blueprints of the vessel that may be in its possession. |
| 19, 20 | Objected to as irrelevant - Claimant contends that the specified information concerning any charter, rental, operating or insurance agreements is relevant as it may identify other responsible parties. |
| 23, 24 | Objected to as overly broad, etc. - Claimant is entitled to information as to what Pride contends the Claimant was doing at the time of the incident as well as a description of the equipment and rig involved herein. |
| 25 | Incomplete - fails to provide address, employer and specific job title of supervisor on duty at the time of Claimant's injury. |

Response to Request For
<u>Production of Documents</u>

| | |
|---|---|
| 1 | Objected to as overly broad, etc. - Claimant contends that he is entitled to copies of any documents in Pride's possession which bear Claimant's signature and requests that Pride conduct a reasonable search in order to determine that there are no documents, other than those provided in response to Request for Production No. 11, which are responsive to Request for Production No. 1. |
| 3 | Objected to as overly broad, etc. - Claimant is entitled to the documents requested, including logs, drilling reports and maintenance records, and contends that they are readily available on board the rig. Claimant requests, therefore, that Pride copy and provide these documents for the dates specified. |

Robert S. Reich, Esq.
Lawrence R. Plunkett, Jr., Esq.
December 6, 2000
Page 3

| | |
|---|---|
| 5 & 12 | Pride responded that documents regarding Claimant's job description and payroll records had been requested and would be provided to Claimant's counsel upon receipt. Discovery was propounded over 2 ½ months ago thus these documents should now be available. |
| 6 | Objected to as overly broad, etc. - Claimant contends that he is entitled to copies of pertinent safety rules and regulations and company procedures in order to determine what constitutes proper behavior and conditions under the circumstances involved herein. |
| 7 | Objected to as overly broad, etc. - Claimant contends that he is entitled to the requested documents, including blueprints and diagrams of the rig Pride Alabama, and requests that Pride conduct a reasonable search and provide Claimant with any such documents in its possession. |
| 8 | Objected to as irrelevant - Claimant contends that the requested insurance documents are relevant as they may identify other responsible parties. |
| 9 | Objected to as overly broad, etc. - Claimant contends that he is entitled to copies of any documents relating to the certification of the rig involved herein which Pride may have in its possession. |
| 13 | Objected to as privileged - Counsel for Claimant is in the process of scheduling the depositions of those individuals identified by Pride in response to Interrogatory No. 22. Claimant contends, however, that he would be entitled to copies of the statements obtained by Pride and/or its counsel from these individuals if Claimant is not able to gather this information without undue hardship. |
| 14 & 21 | Objected to as premature - This matter has been pending since January 24, 2000. In the interest of orderly discovery, Pride should provide Claimant with any expert opinions or reports which Pride and/or its counsel presently have in their possession. |
| 15 | Objected to as irrelevant - Claimant contends that all agreements and/or contracts between Pride and any other party or entity involved herein concerning the job ongoing at the time of Claimant's injury are relevant as they may outline the responsibilities of the various entities. |

Robert S. Reich, Esq.
Lawrence R. Plunkett, Jr., Esq.
December 6, 2000
Page 4


18          Objected to as overly broad, etc. - Claimant contends that the maintenance records and/or schedule for the rig involved herein are readily available and requests that Pride copy those records for the specific dates requested.

19          Objected to as overly broad, etc. - Claimant is entitled to copies of the benefit plans and programs and other documents requested in order to determine Claimant's economic damages.

20 & 21     Objected to as premature - In the interest of orderly discovery, Claimant requests that Pride provide him with copies of any expert reports as well as any other documents which may be used at trial which Pride and/or its counsel currently have in their possession.

22          Incomplete - Pride's response only provides the crew list for the date of the incident and fails to provide lists for the entire time period requested.


We would appreciate your supplemental responses to Plaintiff's discovery requests prior to the mediation which we have scheduled for December 19, 2000.

Thank you for your prompt attention to this matter.

Very truly yours,


LINDA J. NELSON

LJN/sbb

Enclosure